IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEFFREY RENFROE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 2:17-cv-433 |
| ) | |
| INTERNATIONAL AUTOMOTIVE ) | |
| COMPONENTS GROUP NORTH ) | |
| AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DAMAGES

Plaintiff, Jeffrey Renfroe, for his complaint against Defendant, International Automotive Components, Inc., states the following:

### I. Parties

1. Plaintiff was a resident of Marion County, Indiana.

2. Defendant is a company doing business in Marion County, Indiana.

### II. Jurisdiction and Venue

3. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under Title VII.

4. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Defendant's doing business in this District.

### III. Factual Allegations

5. Plaintiff was an employee of Defendant.

6. Plaintiff began working for Defendant in November 2013.

7. Plaintiff was a salaried employee of Defendant.

8. Defendant initially agreed to pay Plaintiff $60,000.00 per year.

9. Defendant then agreed to pay Plaintiff $61,000.00 per year.

10. The final agreed upon salary of Plaintiff while working for Defendant was $62,100.00 per year.

11. Plaintiff initially worked for Defendant as a Process Engineer.

12. Plaintiff final title with Defendant was Continuous Improvement Specialist.

13. Plaintiff is African-American.

14. Plaintiff was subjected to discriminatory behavior by his co-workers throughout his employment with Defendant.

15. Plaintiff was subjected to harassment by his co-workers throughout his employment with Defendant.

16. The co-workers of Plaintiff constantly made discriminatory and/or racially insensitive comments.

17. The co-workers of Plaintiff would wear clothes with the confederate flag on it or other racially insensitive images.

18. Plaintiff reported these incidents to Human Resources for Defendant.

19. Despite notice of the discriminatory remarks and harassing behavior, Defendant took little or no actions regarding the discriminatory and/or harassing comments or acts of Plaintiff's co-workers.

20. Defendant refused to enforce its own dress code allowing co-workers of Plaintiff to wear racially insensitive clothing.

21. The failure of Defendant to control Plaintiff's co-workers resulted in a hostile work environment.

22. Plaintiff was treated differently by his supervisors due to his race.

23. Plaintiff's supervisors required him to work extra shifts and hours that white engineers were not required to work.

24. Defendant has subjected Plaintiff to disparate treatment.

25. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination, harassment and a hostile work environment due to his race and the failure of Defendant to stops the comments and acts of Plaintiff's supervisors and co-workers.  Plaintiff also alleged that Defendant subjected him to disparate treatment.

26. On June 14, 2017, the EEOC issued a Notice of Right to Sue to Plaintiff.

### Count I
### Violations of Title VII

27. Plaintiff incorporates paragraphs 1 through 26 by reference herein.

28. Plaintiff was discriminated against by Defendant in violation of Title VII.

29. Defendant permitted Plaintiff to be discriminated against in violation of Title VII.

30. Plaintiff was harassed by Defendant in violation of Title VII.

31. Defendant permitted Plaintiff to be harassed in violation of Title VII.

32. Defendant permitted Plaintiff to be subjected to a hostile work environment in violation of Title VII.

33. Defendant permitted Plaintiff to be subjected to disparate treatment in violation of Title VII.

34. Plaintiff has been damaged by Defendant's conduct.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an order awarding all actual damages of Plaintiff including back pay with interest as permitted by Title VII.

B. Grant any and all equitable relief available to Plaintiff.

C. Enter an order awarding Plaintiff compensatory and punitive damages.

D. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E. Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

BARKER HANCOCK & COHRON

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### IV. Jury Demand

35. Plaintiff incorporates paragraphs 1 through 34 by reference herein.

36. Plaintiff demands a trial by jury.

Respectfully submitted,

BARKER HANCOCK & COHRON

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Attorney for Plaintiff,
Jeffrey Renfroe

Barker Hancock & Cohron
198 South 9th Street
Noblesville, IN 46060
Tel: (317) 203-3000
E-mail: rweldy@bhclegal.com